UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. _____

MARIA F. PATINO, and other similarly situated individuals,

    Plaintiff(s),

v.

EL BARCON DE LAS AMERICAS PRODUCTIONS, INC., EL BALCON DE LAS AMERICAS, INC. AND ALVARO TOBAR, an Individual.

    Defendants.

COMPLAINT
(OPT-IN PURSUANT TO 29 U.S.C § 216(B))

Plaintiffs, MARIA F. PATINO ("Plaintiff") and other similarly situated individuals, sue the Defendants, EL BARCON DE LAS AMERICAS PRODUCTIONS, INC., EL BALCON DE LAS AMERICAS, INC. AND ALVARO TOBAR, an Individual (collectively the "Defendants"), and allege:[1]

---

[1] Plaintiff will file a Charge of Age Discrimination Retaliation with the EEOC. Further, as soon as the EEOC issues its Right to Sue, the Plaintiff expects to move to amend this complaint to include claims of discrimination and retaliation under the ADEA and the FCRA.

4

## JURISDICTION

1. This is an action to recover money damages for unpaid overtime wages under the Fair Labor Standards Act (FLSA) against all Defendants, and an action for interference with rights granted under the Family Medical Leave Act (FMLA) against the two Corporate Defendants.

2. This Court has jurisdiction pursuant to the FLSA, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement). Jurisdiction under the FMLA lies pursuant to 29 U.S.C. § 2601 *et seq*. (the "FMLA"), specifically Section 2617; and under 28 U.S.C §1331.

## VENUE AND PARTIES

3. Plaintiff is a resident of Broward County, Florida, within the jurisdiction of this Honorable Court.  Plaintiff is a covered employee for purposes of the FLSA and the FMLA.

4. EL BAlCON DE LAS AMERICAS PRODUCTIONS, INC. and EL BALCON DE LAS AMERICAS, INC ( collectively the "Corporate Defendants", individually "El Balcon Production" and " El Balcon Restaurant" , respectively ) and ALVARO TOBAR (individually the "Individual Defendant" or "Tobar" ), are  Florida companies ,  and Florida residents, respectively, having their main place of business in Broward County , Florida, where Plaintiff worked for Defendants, and at all times material hereto were,  and are,  engaged in interstate commerce. The Individual Defendant, upon information and belief, resides in Broward County, Florida.

5. The Corporate Defendants are enterprises owned and controlled by the Individual Defendant. They are engaged in the restaurant business. The Corporate Defendants are within walking distance of each other and are entities engaged in related activities, which perform through a unified operation, with common ownership, with a common business purpose, under the administration and common control of the Individual Defendant.

6. Upon information and belief, the Corporate Defendants share human resources, accounting, payroll, managers, and general administration. The Corporate Defendants also share employees. For example, Plaintiff worked some days for El Balcon Production, on other days she worked for El Balcon Restaurant, and on others part of the day in each. She always punched a time clock in El Balcon Restaurant, to perform work at El Balcon Production.

7. In sum, the Corporate Defendants share common ownership, common management, centralize control of labor relations, common offices, and interrelated operations.

8. Corporate Defendants are an integrated enterprise.

9. Alternatively, Corporate Defendants share or interchange employees, share managers, work in direct interest of one another, and their employees are in the common control of Individual Defendant. The Corporate Defendants are a joint employer.

10. All Defendants are "employers within the meaning of the FLSA and the FMLA.

11. Plaintiff is an "employee" within the meaning of the FLAS and the FMLA.

12. All conditions precedent to bringing this action have occurred, been performed or excused.

13.  Plaintiff has hired the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

GENERAL FACTUAL ALLEGATIONS

14. Plaintiff was at all times relevant an employee of the Corporate Defendants working as a cook. She worked for the Corporate Defendants for around 21 years before her employment was terminated on or about March 8, 2020.

15. For the last three years prior to her termination of employment around March 8, 2020, Plaintiff worked approximately 70 hours a week. She was never paid overtime.  For some days

of each week she worked at El Balcon Restaurant and was instructed not to punch in a time clock during that period of work. On days that she worked for both Corporate Defendants she was instructed to punch in only when she was to start work duties at El Balcon Productions. On days that she worked solely at el Balcon Productions, she always had to punch in at El Balcon Restaurant.

16. Each week, Plaintiff was paid with two checks, one for her work at El Balcon Production, and another for her work at El Balcon Restaurant.

17. On or about March 8, 2020, Plaintiff spoke to the Individual Defendant and requested time off because she was having respiratory problems and coughs.  The Defendants were aware that Plaintiff had respiratory health issues. The Individual Defendant Informed Plaintiff that he was sorry, but he could not employ her if Plaintiff was sick. Since on or bout March 8, 2020, Plaintiff's employment with Corporate Defendants terminated.

COUNT I: WAGE AND HOUR VIOLATION BY<br>
<u>AGAINST BOTH CORPORATE DEFENDANTS (OVERTIME)</u>

18. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-17 above as if set out in full herein.

19. This action is brought by Plaintiff and those similarly situated to recover from the Corporate Defendants unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees . . . for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

20. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). The Corporate Defendants are and, at all times pertinent to this Complaint, were engaged in interstate commerce. At all times pertinent to this Complaint, the Corporate Defendants operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Corporate Defendants obtain and solicit funds from non-Florida sources, accept funds from non-Florida sources, use telephonic transmissions going over state lines to do their business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to their employees. Upon information and belief, the annual gross revenue of the Corporate Defendants was at all times material hereto in excess of $500,000 per annum, and/or Plaintiff and those similarly situated, by virtue of working in interstate commerce, otherwise satisfy the Act's requirements.

21. By reason of the foregoing, the Corporate Defendants are and were, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) and/or Plaintiff and those similarly situated were and/or are engaged in interstate commerce for the Corporate Defendants. The Corporate Defendants' business activities involve those to which the Act applies. The Corporate Defendants are a restaurant, and production facility that prepares food for the restaurant, and six other restaurants owned by the Individual Defendant. Through their business activities they affect interstate commerce. The Plaintiff's work for the Corporate Defendants likewise affects interstate commerce.

22. While employed by the Corporate Defendants, Plaintiff worked approximately an average of 70 hours per week without being compensated at the rate of not less than one- and one-

half times the regular rate at which she was employed. Plaintiff was employed as a Cook performing the same or similar duties as that of those other similarly situated cooks whom Plaintiff observed working in excess of 40 hours per week without overtime compensation.

23. Plaintiff worked for the Corporate Defendants from approximately 21 years until her employment was terminated around March 8, 2020.  In total, Plaintiff worked approximately 156 compensable weeks under the Act, if we count 3 years preceding the date of the filing of the instant action.

24. The Corporate Defendants paid Plaintiff, almost invariably, $192.60 a week irrespective of the hours that she worked at El Balcon Restaurant and varied amounts a week for the hours that she worked at El Balcon Production.  Plaintiff believes that she was to be paid $12.50/hr to $13.50/hr.

25. The Corporate Defendants did not properly compensate Plaintiff for hours that Plaintiff worked in excess of 40 per week.

26. Plaintiff seeks to recover unpaid overtime wages accumulated from the date of hire and/or from 3 (three) years preceding the date of the filing of this Complaint.

27. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this Complaint, Plaintiff's good faith estimate of unpaid overtime wages is as follows:

> a. Actual Damages: $ 62, 370.00.
>    <u>Calculation</u>: $13.5 (hourly pay) x .5 (overtime rate) x 30 (approximate number of overtime hours) x 154 (compensable weeks) = $31,185.00
>
> b. Liquidated Damages: $31, 185.00
>
> c. Total Damages: $62, 370.00 plus reasonable attorneys' fees and costs of suit.

4

28. At all times material hereto, the Corporate Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff and those similarly situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Corporate Defendant to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in the Act. The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of the Corporate Defendants who are and who were subject to the unlawful payroll practices and procedures of the Corporate Defendants and were not paid time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

29. The Corporate Defendants knew and/or showed reckless disregard for the provisions of the Act concerning the payment of overtime wages and remains owing Plaintiff and those similarly situated these overtime wages since the commencement of Plaintiff's and those similarly situated employees' employment with the Corporate Defendants as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages.

30. The Corporate Defendants willfully and intentionally refused to pay Plaintiff overtime wages as required by the laws of the United States as set forth above and remains owing Plaintiff these overtime wages as set forth above.

31. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff and those similarly situated request that this Honorable Court:

A. Enter judgment for Plaintiff and other similarly situated and against the Corporate

      Defendants on the basis of the Corporate Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for overtime compensation for hours worked in excess of forty weekly: and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just.

## JURY DEMAND

Plaintiff and those similarly situated demand trial by jury of all issues so triable as of right.

## COUNT II: WAGE AND HOUR VIOLATION BY INDIVIDUAL DEFENDANT ALVARO TOBAR (OVERTIME)

32. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-17 above as if set out in full herein.

33. At the times mentioned, TOBAR is and was a manager and owner of the Corporate Defendants. TOBAR was an employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the Act [29 U.S.C. § 203(d)], in that this Defendant acted directly or indirectly in the interests of the Corporate Defendants in relation to the employees of the Corporate Defendants, including Plaintiff and others similarly situated. TOBAR had operational control of the Corporate Defendants, was involved in the day-to-day functions of the Corporate Defendants, set wages, hours, and terms of conditions of employment for Plaintiff and other employees, and is jointly and severally liable for Plaintiff's damages.

34. TOBAR is and was, at all times relevant, a person in control of the Corporate Defendants' financial affairs and can cause the Corporate Defendants to compensate (or not to compensate) its employees in accordance with the Act.

35. TOBAR willfully and intentionally caused Plaintiff not to receive overtime compensation as required by the laws of the United States as set forth above and remains owing Plaintiff these overtime wages for three (3) years prior to the filing of this action.

36. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and those similarly situated request that this Honorable Court:

A. Enter judgment for Plaintiff and other similarly situated and against TOBAR on the basis of the Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly: and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just.

## JURY DEMAND

Plaintiff and those similarly situated demand trial by jury of all issues so triable as of right.

COUNT III: INTERFERENCE WITH FMLA RIGHTS (CORPOTATE DEFENDANTS)

37. Plaintiff repeats and re-alleges paragraphs 1-17 as if fully stated herein.

38. Plaintiff was an "eligible employee" and entitled to leave under the FMLA.

39. At all times material herein, Corporate Defendants were "employers" as defined in the FMLA.

40. At all times material, Plaintiff gave proper notice to Corporate Defendants by informing Corporate Defendants of her medical condition.

41. Plaintiff provided enough information for Corporate Defendants to know that her leave may be covered by the FMLA. In fact, TOBAR once visited Plaintiff at a medical facility where she had been previously hospitalized because of her respiratory health condition.

42. At all times material hereto, Plaintiff communicated with Corporate Defendants regarding her medical condition.

43. Corporate Defendants had previous knowledge of Plaintiff's medical condition and the reason for Plaintiff's absence from work on or about March 8, 2020.

44. Despite its knowledge, Corporate Defendants failed to notify Plaintiff of her eligibility status and rights under the FMLA and failed to notify Plaintiff whether her request leave was or could be designated as FMLA leave.

45. Instead of informing Plaintiff of her rights, Defendant terminated Plaintiff.

46. Defendant interfered with Plaintiff's rights to take leave under the FMLA and denied her the benefits to which she was entitled.

WHEREFORE, Plaintiff demands judgment against Corporate Defendants, as follows:

A. Enter judgment in Plaintiff's favor and against Corporate Defendants for its violations of the FMLA.

B. Award Plaintiff actual damages suffered, including back pay, front pay, loss of benefits, future pecuniary loss, lost future earnings capacity.

C. Award Plaintiff liquidated damages based on Corporate Defendants' conduct.

D. Award Plaintiff prejudgment interest on her damages award.

E. Award Plaintiff reasonable costs and attorney's fees.

F. Award Plaintiff any further relief pursuant to the FMLA; and,

G. Grant Plaintiff such other and further relief as this Court deems equitable and just.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

Respectfully submitted,

LAW OFFICES OF
ANDRES RIVERA-ORTIZ, P.A.
3350 SW 148 Avenue, Suite 110
Miramar, Florida 33027
Tel. 305-643-2255
Email: riveraortizpa@gmail.com
Attorneys for Plaintiff

BY: s/Andres Rivera-Ortiz
       FBN: 373478